UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FREEDOM MORTGAGE CORPORATION,

                      Plaintiff,

    v.

GEORGE T. CONATY, SHANNON
CONATY, AND BANK OF AMERICA, N.A,

                      Defendants.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-07724 (GRB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiff Freedom Mortgage Corporation's Motion for Default Judgment (the "Motion"), pursuant to Fed. R. Civ. P. 55(b)(2), seeking a judgment of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1351, as well as other relief, at Electronic Case File Number ("ECF No.") 13. The Motion was referred to the undersigned for a Report and Recommendation by District Judge Gary R. Brown on June 1, 2023. June 1, 2023 Order. The undersigned respectfully recommends that (1) the Motion for default judgment be granted in part as to liability; (2) the Motion be denied without prejudice as to foreclosure and sale, damages and costs, and appointment of a referee; and (3) the Motion for default against Defendant Bank of America, N.A. be granted and their interest in the Subject Property be extinguished.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Complaint Background[1]

Plaintiff Freedom Mortgage Corporation ("Freedom") is the holder of the note and assignee of the mortgage at issue. ECF No. 1 ¶ 11. On July 10, 2015, Defendants George and Shannon Conaty ("the Conatys") obtained a loan for the amount of $320,512.00 from PrimeLending, a Plainscapital Company. ECF No. 1 ¶ 9; ECF No. 1 at 5. The loan was evidenced by the Note (ECF No. 15-6 at 5), which was secured by the Mortgage (ECF No. 15-6 at 9) on the property at 3626 Alcona Street in Seaford, New York ("the Subject Property"). ECF No. 1 ¶¶ 10; ECF No. 1 at 5. The Note was physically transferred and assigned to Freedom on October 6, 2022. *Id.* ¶ 11; ECF No. 15 ¶ 3. The Conatys failed to make their mortgage payment on March 1, 2022, as well as all subsequent payments. ECF No. 1 ¶ 12. According to Plaintiff, the balance remaining after the Conatys ceased payment was $279,453.28 in principle plus interest, costs, and disbursements. *Id.* ¶ 13. Plaintiff further represents that it complied with "sections 1304 and 1306 of the Real Property Actions and Proceedings Law and with all provisions of section 595-a of the Banking Law and any rules or regulation under, if applicable, section 6-1 or 6-m of the Banking Law." *Id.* ¶ 15.

Bank of America (also a named defendant in this case) is a subordinate judgment holder as to the Subject Property for $3,384.51. ECF No. 1 ¶ 5; ECF No. 14 at 2; ECF No. 15-8.

---

[1] Given Defendants' failure to respond to the complaint, Plaintiff's well-pleaded factual allegations in the complaint are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.")). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint. *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

### B. Preliminary Procedural Steps Prior to Filing of the Complaint

Plaintiff's Motion outlines additional specific procedures that were followed before the filing of the complaint. On April 18, 2022, a notice of intent and the "90-day Notice" were sent to the Conatys and registered in accordance with RPAPL §1304 and §1306. ECF Nos. 15-6 at 30. On April 21, 2022 the Plaintiff filed a proof of filing statement with the New York State Department of Financial Services as required by RPAPL §1306. ECF No. 15-7 at 58. A notice of default later was issued to the Conatys at the Subject Property on November 15, 2022. ECF No. 15-6 at 54.

### C. Procedural History of the Instant Action

On December 19, 2022, Plaintiff filed the instant complaint against the Conatys and Bank of America. ECF No. 1. The Conatys were served on January 16, 2023. ECF Nos. 7 & 8. Bank of America was served on January 18, 2023. ECF No. 6. Neither the Conatys nor Bank of America responded to the complaint. Plaintiff requested a Certificate of Default on March 20, 2023, and it was entered by the Clerk of the Court on March 21, 2023. ECF Nos. 9 & 10. The notice of Pendency of Action was filed on May 4, 2023 and received by the Nassau County Clerk's office on May 12, 2023. ECF No. 12.

On May 31, 2023, Plaintiff filed the Motion for Default Judgment and other relief that is the subject of this Report and Recommendation. ECF No. 13. Plaintiff filed a memorandum of law, affidavits, and declarations in support of the Motion, and an affidavit of service for the Motion on May 31, 2023. ECF Nos. 14 to 16. None of the Defendants have responded to the Motion.

### D. Plaintiff's Motion

Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Fed. R. Civ. P 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1351 and § 1354; (3) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53; (4) order that Bank of America N.A.'s nominal interest in the property be extinguished; and (5) grant such other and further relief as the Court deems equitable, just, and proper. ECF No. 14 at 11.

## II. LEGAL STANDARDS

### A. Default Judgment

A motion for default judgment is governed by Rule 55, which sets out a two-part standard that needs to be met in order for a default judgment to be ordered. First, the moving party must obtain a certificate of default from the Clerk of the Court and then the moving party may apply for entry of a default judgment. Rule 55(a); *Windward Bora LLC v. Thomas*, No. 20-CV-6046 (JS)(SIL), 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). If a default is granted, the factual allegations of the well-pleaded are deemed true. Rule 55(a); *Thomas*, 2022 WL 5114489, at *3 (internal citation omitted). However, the court has the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Thomas*, 2022 WL 5114489, at *3 (internal citation omitted). "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'" *Id.* (citing *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

4

### B.     Foreclosure

Under the N.Y. RPAPL, Plaintiff must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage. *Wilmington PT Corp. v. Tiwana*, 19-CV-2035 (DG) (TAM), 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).  For Plaintiff to establish a *prima facie* entitlement to judgment they must submit the mortgage, the unpaid note, and evidence of the default; the burden then shifts to Defendants to rebut Plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor. *Id.*

### C.     N.Y. RPAPL

Plaintiff must abide by the rules set forth by the N.Y. RPAPL.  For example, Section 1304 requires at least 90-day notice before the mortgage servicer commences legal action against the borrower. N.Y. RPAPL § 1304.  Section 1306 requires each lender, assignee, or mortgage loan servicer to file with the Superintendent of New York State Department of Financial Services within 3 business days the notice. N.Y. RPAPL §1306.  As relevant to the Motion, the Court must consider other relevant portions of the: N.Y. RPAPL §1351 that governs the judgment of sale; N.Y. RPAPL §1354 that governs the distribution of proceeds of sales; and N.Y. RPAPL § 1611 that governs the appointment of a referee in a final order.

### D.     Damages

"A defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022).  "A court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount

5

demanded." *Antoine*, 489 F. Supp. 3d at 77. "A court must . . . must also be able to ascertain the amount of damages 'with reasonable certainty.'" *Id.* (internal citation omitted). "A court may make this determination based upon evidence presented at a hearing or upon a review of 'detailed affidavits or documentary evidence.'" *Id*. (internal citations omitted).

### III.   DISCUSSION

Here, the Court finds (1) Plaintiff adequately pled facts to support the granting of the default judgment claim pursuant to Fed. R. Civ. P 55(b)(2); (2) Plaintiff adequately pled facts to support the foreclosure and sale pursuant to RPAPL §§ 1351 & 1354, but Plaintiff is not entitled to secure foreclosure and sale at this time; (3) Plaintiff has not adequately established the damages at issue; (4) the decision to appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53 should be denied without prejudice at this time, as well as the request for attorney costs; and (4) Bank of America's nominal interest in the property should be extinguished and Default Judgment should be entered against it.

#### A.   Plaintiff Is Entitled to a Default Judgment

In determining whether to grant a motion for default judgment a court must evaluate (1) whether the default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would endure because of the denial of the default motion. *Stokes v. MilkChocolateNYC LLC*, 22 Civ. 6786 (PAE) (RWL), 2023 WL 4447073, at *4 (S.D.N.Y. July 11, 2023) (internal quotation marks and citations omitted). Courts have held that a defendant's nonappearance and failure to respond to a complaint sufficiently demonstrates willfulness. *See Laura Elec. Lighting & Maint. Serv. Inc.*, No. 20-CV-3700 (DRH) (JMW), 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021), *report and*

6

*recommendation adopted*, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022) (finding a willful default when defendants did not file a timely answer). All three Defendants have been properly served and have not appeared in this action. ECF No. 10. As no one has rebutted Plaintiff's claims and Plaintiff has submitted evidentiary support for their claims, there is no basis for the Court to find that Defendants have a meritorious defense. *See ADI Global Distribution v. Green*, No. 20-CV-3869 (AMD) (JMW), 2023 WL 3355049, at *4 (E.D.N.Y. Apr. 24, 2023) *report and recommendation adopted*, No. 20-CV-3869 (AMD) (JMW), 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (granting default judgment where defendants did not appear) (internal citations omitted). Finally, if the Court were to deny this motion, there would be prejudice towards Plaintiff. *Wilmington PT Corp. v. Parker*, No. 19-CV-2380 (DRH) (AKT), 2020 WL 1704303, at *7 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom.*, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020) (finding plaintiff would have no other methods of recovery if default judgment was not granted). For the reasons above, the motion for default judgment against the Contays and Bank of America should be granted.

      **B.**      **Plaintiff Has Established Their Right to Foreclosure**

The Court finds that Plaintiff has established its *prima facie* entitlement to a judgment of foreclosure. Specifically, Plaintiff has produced copies of the Note demonstrating the obligations of the Contays. ECF No. 15-6 at 6. The Note includes the address of the Subject Property, the principal amount owed of $320,512.00, the interest rate (4.0%), the monthly amount due ($1,530.17), and procedures in the event of default. *Id*. A mortgage was issued pursuant to the Note on July 10, 2015. *Id*. at 11. The mortgage was assigned to Freedom on October 3, 2022. *Id*. at 26. Plaintiff states that Defendants were in default after failure to pay the monthly payment on March 1, 2022, as well as all subsequent payments. *Id*. at 32; ECF No. 1

7

¶ 12.  Defendants failed to cure their default after the 90-day notice[2] was sent to them, detailing their risk of foreclosure.  ECF No. 15-6.  Plaintiff, therefore, established through evidentiary support that a debt exists, it was secured by a mortgage, and a default occurred on that debt.  Thus, Plaintiff's motion for a default judgment of foreclosure and sale could be granted.  *See Thomas*, 2022 WL 5114489, at *3 (granting default judgment and foreclosure for sale where plaintiff established a *prima facie* case of foreclosure).

However, for the reasons discussed herein, the undersigned finds that Plaintiff's request for foreclosure and sale of the Subject Property should be denied without prejudice at this time.  *See Freedom Mortg. Corp. v. Elmore-Hernandez*, No. 18-CV-1840 (DRH) (SIL), 2019 WL 2779320, at *5 (E.D.N.Y. May 8, 2019) (Locke, J.), *report and recommendation adopted*, 2019 WL 2775620 (E.D.N.Y. July 2, 2019) (Hurley, J.) (denying a judgment of foreclosure and sale until Defendants fully demonstrated their rights to foreclosure against all defendants).

## IV. DAMAGES AND OTHER REMEDIES

The Court recommends denial without prejudice of Plaintiff's requests for (1) damages due on the promissory notes, (2) costs, and (3) appointment of a referee.  The Court also recommends that Plaintiff's request to extinguish Defendant Bank of America's subordinate judgment be granted.

### A. Damages Due on the Promissory Note and Mortgage

Once a party establishes default, "it must still prove damages." *Thomas*, 2022 WL 5114489, at *4 (citations omitted).  In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid

---

[2] The 90-day notice appears to have complied with RPAPL § 1304 and RPAPL § 1306, as it was served on Defendants more than 90 days prior to the filing of the Complaint and registered with the Superintendent of the New York State Department of Financial Services.

8

principal, accrued interest, recoverable costs, escrow advances, and late charges.  *See, e.g.,*

*Windward Bora LLC v. Valencia,* No. 19-CV-4147 (NGG) (RER), 2022 WL 872506, at *6

(E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits,

documentary evidence, and evidentiary hearings.") (internal quotation marks and citations

omitted); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772 (DLI) (RML), 2022 WL 912520, at *3

(E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

      Here, Plaintiff submitted an affidavit of the total amount they seek, $318,214.37, broken

down by the principal balance, interest, insurance disbursements, tax disbursements, primary

mortgage insurance, and other fees pursuant to the Note and the Mortgage.  ECF Nos. 15-6 at 3

(Mia Carter Declaration); 15-9 (Tracy M. Fourtner Statement of Damages); 15 ¶ 13 (Tracy M.

Fourtner Declaration).  The amounts due pursuant to the Mortgage are calculated by the Affiant,

Mia Carter, a "FCL Specialist II" of the Plaintiff and a sworn declaration by Plaintiff's attorney

under penalty of perjury.  ECF Nos 15-6 & 15-9.  However, as to the monetary amounts in

connection with the Note and the Mortgage, the Carter Declaration includes several summaries

and very limited supporting documentation.  ECF No. 15-6 at 3-4.

      Consequently, the Court finds Plaintiff's submission are insufficient to support the

requested costs.  Specifically, Plaintiff fails to provide adequate "back-up documentation to

support these amounts."  *Freedom Mortg. Corp. v. Bullock*, No. 2:19-CV-664 (NGG) (SJB),

2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (Bulsara, M.J.) (denying a motion for default

judgment where the damages were not adequately substantiated) (citing *Freedom Mortg. Corp.

v. King*, No. 19-CV-4833, 2023 WL 3494738, at *3 (E.D.N.Y. May 17, 2023) (Garaufis, J.)

(denying Freedom Mortgage's request for reimbursement of tax disbursements, mortgage

insurance, and property inspection/preservation disbursements, notwithstanding its right to

9

collect such payments under the Mortgage, for failure to provide sufficient documentation) (collecting cases); *Elmore-Hernandez*, 2019 WL 2779320, at *5 (same)).

Notably, the Plaintiff seeking damages in the Motion before the undersigned is the same Plaintiff that previously filed similarly defective motions that were previously rejected by Judges Garaufis, Hurley, Bulsara, and Locke in the aforementioned cases in this District.[3] *See id.* As Judge Bulsara recently noted, "the Statement of Damages is merely a summarized list of costs–without any transaction history or detailed breakdown of the date and amount of each type of disbursement—and fails to include any back-up documentation to support these amounts (or if back-up documentation is not available, the process by which Freedom Mortgage determined these amounts and citations to sources of information, for example public records of property taxes)[] [a]nd '[b]are assertions' in the []Declaration that Freedom Mortgage is 'owed these amounts are, on their own, conclusory allegations that are insufficient to support damages.'" *Id.* at *6. The Court finds similar defects by Freedom in its submissions in support of the instant motion – specifically, the failure to submit any back-up documentation. The Court therefore recommends denial without prejudice of Plaintiff's request for costs with leave to file a new motion with adequate supporting documentation for all damages and costs it seeks.

---

[3] Notably, Plaintiff's conduct in another litigation recently has been the subject of criticism by Judge Irizarry. *See Freedom Mortgage Corporation v. Brocking*, No. 23-CV-01870 (E.D.N.Y.). Plaintiffs's business practices also have been the subject of recent government enforcement actions. Press Release, CFPB, CFPB Penalizes Freedom Mortgage and Realty Connect for Illegal Kickbacks (Aug. 17, 2023), https://www.consumerfinance.gov/about-us/newsroom/cfpb-penalizes-freedom-mortgage-and-realty-connect-for-illegal-kickbacks/; Press Release, New Jersey Attorney General, AG Platkin and the Division of Consumer Affairs Announce $502,000 Settlement with Freedom Mortgage Corp. (July 11, 2023), https://www.njoag.gov/ag-platkin-and-the-division-of-consumer-affairs-announce-502000-settlement-with-freedom-mortgage-corp/.

### B.      Attorney Costs

Plaintiff also requests attorney costs of $2,003.37, pursuant to the Note. ECF No. 15-9 at 2. The Court finds these costs are supported with adequate documentary support and representations in the affidavit. However, in light of the Plaintiff's failure to provide sufficient evidence to support its aforementioned request for costs due under the Note and Mortgage, the Court recommends that the request for attorney costs be denied without prejudice.

### C.      Appointment of a Referee

Plaintiff requests the Court appoint a referee to effectuate sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53. Such appointments have been permitted in this circuit when the plaintiff has established a *prima facie* case by presenting a note, mortgage, and proof of default. *See Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS)(SIL), 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (collecting cases). However, since the Court is denying Plaintiff's requested damages without prejudice, the Court recommends denying the request to appoint a referee without prejudice.

### D.      Defendant Bank of America's Subordinate Judgment

In a foreclosure action, a necessary party is one whose interest is claimed to be subject and subordinate to the plaintiff's lien in the property. *Toiny LLC v. Gill*, No. 18-CV-40 (NGG) (VMS), 2022 WL 4118520, at *3 (E.D.N.Y. Sept. 9, 2022). Such necessary parties include, but are not limited to, one holding a later lien. *Id*. This rule "'derives from the underlying objecting of foreclosure action- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *CIT Bank, N.A. v. McDonnell*, No. 18-CV-476, 2023 WL 2361381, at *8 (W.D.N.Y. Feb. 2, 2023) (citing *NC Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542, 803 N.Y.S.2d 95 (2d

Dep't 2002)). "When default judgment is entered against a defendant with nominal interest in the property, that defendant's interest in the property is extinguished." *Wilmington Sav. Fund Soc'y FSB v. White*, No. 17-CV-2288 (RRM) (SIL), 2019 WL 4014842, at * 6 (E.D.N.Y. May 28, 2019), *report and recommendation adopted*, 2021 WL 254971, at *5 (E.D.N.Y. June 22, 2021).

Here, Defendant Bank of America is a defendant with nominal interests in the property as a subordinate judgment holder. ECF No. 15-8 at 2. Although being served with the Summons and Complaint, Defendant Bank of America has failed to appear in this action. ECF No. 10. Accordingly, the Court respectfully recommends that Plaintiff's motion for a default judgment against Defendant Bank of America be granted and their interest in the Subject Property be extinguished.

V.   **CONCLUSION**

For the above reasons, the undersigned recommends that the motion be granted in part as to liability and denied without prejudice as to foreclosure and sale and other damages with leave to renew in a new motion upon a further showing consistent with this Report and Recommendation. The undersigned also recommends that Plaintiff's motion for a default judgment against Defendant Bank of America be granted and their interest in the Subject Property be extinguished.

VI.   **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Brown. FAILURE TO FILE TIMELY OBJECTIONS

12

SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

|  |  |
|---|---|
| Dated: Central Islip, New York<br>August 30, 2023 | **SO ORDERED**:<br><br>/s/ Lee G. Dunst<br>LEE G. DUNST<br>United States Magistrate Judge |